IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAX ORTEGA, III,

    Plaintiff,

vs.                                                          No. CIV 19-0893 JB\SMV

DAVID PHANEOF; NOLBERTO
DOMINGUEZ; JOHN VALDEZ;
CORY COCOA; DERRICK VALDEZ;
JOHN GARCIA; and JOHN/JANE DOES
1-7,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed September 25, 2019 (Doc. 3)("Motion"). The Court will deny Plaintiff Max Ortega's Motion for Leave to Proceed under § 1915.

Ortega is proceeding on prisoner civil rights claims under 42 U.S.C. § 1983. The filing fee for a prisoner civil rights case is $400.00. On September 25, 2019, Ortega paid the full $400.00 filing fee. On the same day, Ortega also filed his Motion, asking the Court to allow him to proceed in forma pauperis. See Motion at 1. The Motion includes only the form's first page, is not signed, is not made under penalty of perjury, and does not include Ortega's six-month inmate account statement. On October 2, 2019, the Honorable Stephen M. Vidmar, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Cure Deficiencies, ordering Ortega to submit a complete application to proceed under 28 U.S.C. § 1915, signed and made under penalty of perjury, and accompanied by the six-month account statement within thirty days of entry of the Order. See Order to Cure Defects, filed October 2, 2019

(Doc. 6)("Order").  Ortega has not responded to Magistrate Judge Vidmar's Order and has not submitted the complete § 1915 application.

Section 1915 states:

(1)     . . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses, that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2)     A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal . . .

28 U.S.C. § 1915(a).  The single, unsigned page submitted by Ortega does not constitute an affidavit, does not set out a statement of all assets that Ortega possesses, and does not meet the requirements of § 1915(a)(1) for leave to proceed in forma pauperis.  Nor does Ortega's filing include the six-month inmate account statement that § 1915(a)(2) requires.

Although Magistrate Judge Vidmar notified Ortega of these deficiencies, see Order at 1, Ortega has not cured them, and so Ortega has not met the mandatory requirements for leave to proceed in forma pauperis.  Although the Court may dismiss this case under rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order, because Ortega has paid the $400.00 filing fee, the Court will deny the Motion for Leave to Proceed rather than dismissing the action.  See Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).

**IT IS ORDERED** that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed September 25, 2019 (Doc. 3), is denied.

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀_____
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀UNITED STATES DISTRICT JUDGE

*Parties*:

Max Ortega
Raton, New Mexico

⠀⠀⠀⠀*Plaintiff pro se*