**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MAX ORTEGA III,

        Plaintiff,

vs.                                No. CV 19-00893 MIS/SMV

DAVID PHANEOF, NOLBERTO DOMINGUEZ,
JOHN VALDEZ, CORY COCA, DERRICK
VALDEZ, JOHN GARCIA, JOHN/JANE DOE(S)
(7 THRU 100),

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Prisoner's Civil Rights Complaint filed by Plaintiff Max Ortega III (Doc. 1).  The Court will dismiss Plaintiff's Complaint as barred by *Heck v. Humphry,* 512 U.S. 477, 487 (1994) but grant leave to file a 28 U.S.C. § 2254 habeas petition.

### I.  Factual and Procedural Background

Plaintiff Max Ortega filed his Complaint under 42 U.S.C. § 1983 on September 25, 2019 against local officers alleging illegal search and seizure in violation of the 14th Amendment.  (Doc. 1 at 1-3).  He claims that in 2018, police conducted an undercover investigation of drug trafficking, using a confidential informant, and without probable cause and/or a search warrant.  (Doc. 1 at 3). He seeks a declaration that the acts and omissions described in the Complaint violated his rights under the Constitution and laws of the United States, compensatory damages against all defendants in the amount to be determined, and costs of this proceeding.  (Doc. 1 at 13).

Plaintiff Ortega does not provide any information in the Complaint regarding the underlying state court proceedings. However, the official records of the Eighth Judicial District Court, County of Colfax, State of New Mexico, indicate that Ortega was charged with twelve counts of trafficking a controlled substance, possession of a controlled substance, and tampering with evidence in Eighth Judicial District cause no. D-809-CR-2018-00069.[1]  Ortega was convicted by a jury on all twelve counts on July 30, 2018. Court records do not show that Ortega appealed the jury's conviction or challenged his conviction and sentence through any state habeas corpus proceeding.   The jury's conviction and Plaintiff Ortega's resulting sentence have not been reversed, overturned, or set aside.

## II.  Plaintiff Ortega's Civil Claims are Barred by the *Heck* Doctrine

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for

---

[1] The Court may take judicial notice of the official New Mexico court records in Ortega's criminal case. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand);  *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts);  *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Plaintiff Ortega's prayer for relief specifically asks the Court to declare that the criminal investigation underlying his conviction and sentence violated his constitutional rights and to award him compensatory damages for illegal search and seizure. (Doc. 1 at 3, 13).  Ortega's request for relief clearly necessitates the invalidation of his conviction. Because a favorable ruling on Plaintiff Ortega's claims would require treating his conviction in Eighth Judicial District cause no. D-809-CR-2018-00069 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999); *Wilkinson v. Dotson,* 544 U.S. at 80-81.

### III.  Leave to Amend

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their civil pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).  Because all of Plaintiff Ortega's § 1983 claims are barred by the *Heck* doctrine, amendment of the civil Complaint would be futile in this case.

The Court will therefore dismiss all civil § 1983 claims raised in the Complaint.  Such dismissal has no impact on Plaintiff's claims in case no. CV 21-00728, which pertain to conditions of confinement.

Plaintiff may still be able to "attack … his conviction and sentence … [through a habeas proceeding] under 2254."  *Yellowbear v. Wyo. Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008).  Within thirty (30) days of entry of this Order, Plaintiff may amend his pleading to assert a § 2254 habeas claim.  If Plaintiff declines to timely file a § 2254 petition, the Court will dismiss this action and close the case.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff Max Ortega III (Doc. 1) is **DISMISSED** as barred by *Heck v. Humphry,* 512 U.S. 477, 487 (1994).  This dismissal is without prejudice to Plaintiff Ortega's claims in case no. CV 21-00728 and without prejudice to raising § 2254 habeas claims.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this ruling, Plaintiff may amend his pleading to raise a 28 U.S.C. § 2254 habeas claim; and the Clerk's Office shall **MAIL** Plaintiff a blank § 2254 petition.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

4