IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAX ORTEGA, III,

    Plaintiff,

v.                                                                                                                  No. 19-cv-893-MIS-SMV

DAVID PHANEOF, *et al,*

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiff's failure to file an amended pleading. Being sufficiently advised, and for the reasons that follow, the Court will dismiss this case.

Plaintiff initiated this case on September 25, 2019, by filing a Prisoner Civil Rights Complaint (the "Complaint") against various officers and agents of the Raton Police Department. (Doc. 1). Plaintiff alleged that Defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution by using a confidential informant, equipped with an audio and visual recording device, to record him, in his private residence, selling drugs.

In a Memorandum Opinion and Order entered May 10, 2022, this Court held that Plaintiff's claims are barred by the *Heck* Doctrine, which requires dismissal of a state prisoner's § 1983 claim if a judgment in the Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence." (Doc. 11 at 2) *See Heck v. Humphry*, 512 U.S. 477, 487 (1994) ("[U]nless the plaintiff can demonstrate that the conviction or sentence has already been invalidated[,]" a state prisoner's § 1983 claim that would necessarily

imply the invalidity of their conviction or sentence must be dismissed).[1]

Though Plaintiffs § 1983 claims were dismissed pursuant to *Heck*, the Court granted Plaintiff a thirty-day deadline within which to amend his pleading to assert a § 2254 habeas claim. (Doc. 11 at 4). Plaintiff did not file an amended pleading, and the thirty-day deadline within which he was permitted to do so has passed. Accordingly, the Court will dismiss this action and the case will be closed.

The dismissal herein ordered, and the closure of this case does not affect Plaintiff's right to file a § 2254 petition challenging the conviction that resulted from the circumstances described in the Complaint. If filed, such petition would be considered Plaintiff's first § 2254 proceeding relating to that conviction. In other words, this case will not cause a § 2254 petition to be considered "second" or "successive" under Habeas Corpus Rule 9.

**IT IS ORDERED** that: (i) this case is dismissed; (ii) the dismissal has no effect on Plaintiff's right to file a § 2254 proceeding relating to the conviction arising from the investigation described in the Complaint; (iii) the Court will enter a separate judgment closing the civil case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff did not appeal or otherwise challenge his conviction and sentence. *See* Doc. 11 at 2 & n.1); Eighth Judicial District Court, County of Colfax, State of New Mexico, D-809-CR-2018-00069.